SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Kate.Rochat@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00106-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **KYLE KOWALSKI ,** | |
| **Defendant.** | |

### Introduction

Defendant Kyle Kowalski sought out and accessed hundreds of images and videos of children being sexually abused. These images included depictions of prepubescent minors and adults performing sadomasochistic acts on children.

Defendant will be before the Court for sentencing after pleading guilty to two counts of access with intent to view child pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and (b)(2). The government recommends a 60-month custodial sentence to be followed by maximum term of supervised release.  This recommended sentence is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) to accomplish the goals of sentencing.  It fairly balances the

**Government's Sentencing Memorandum**                                        **Page 1**

nature, circumstances, and seriousness of the offense with defendant's history and characteristics and the need to protect the public, provide deterrence, and promote respect for the law.

**Factual Background**

**A.      The Offense Conduct**

In November 2021, law enforcement began investigating an unknown user that was distributing hundreds of files of child pornography using peer-to-peer software. (PSR ¶ 16). Using a law enforcement account, investigators were able to connect with the user and identified that the user's IP address was coming from the defendant's residence. (*Id*).

On June 5, 2024, a search warrant was executed at the defendant's residence. During the search, investigators seized two cell phones, a computer tower, a laptop computer, two tablets, two USB drives, and two SD cards. (PSR ¶ 17). Law enforcement performed a forensic extraction of the cellular phones and computer tower. (*Id*). This revealed evidence that between May 22, 2024, and June 2, 2024, the defendant used a variety of methods to access files with the intent to view child pornography. (PSR ¶¶ 18 and 21).  Digital forensic analysis showed that the defendant used the internet to search for the following terms: "pthc" (pre-teen hardcore) and "loli," young, young teen, exposed teenagers, pyt teen, freakypyt, petite teen, young teen girl masturbating, adolescent, teen masturbate, Russian teen and teen exposed. (PSR ¶ 18). Investigators also located numerous artifacts showing that BitTorrent was installed, launched, and used by the defendant on the device, to download multiple files. (PSR ¶ 21). Approximately 158 torrent file fragments revealed file names that suggested child pornography. The names included "pthc girl oral.mp4" "7yo niece (private) – CUM IN FACE.avi," "pedo child toddler incest," and "Nice orgasm from 4yo girl.mpg" Additional titles suggest the sex abuse of babies to preteens, including bondage and incest. **(**PSR ¶ 21).

**Government's Sentencing Memorandum**                                                        **Page 2**

During the review of the computer tower, investigators observed over 1,000 different images of child pornography including the following: a prepubescent female approximately 2-5 years old laying naked with an adult woman's hand pulling on the child's outer labia to expose her vagina; an adult male holding his erect penis with the tip penetrating the vagina of a female child who is approximately 2 -5 years old; and a 6-8 years old male with an adult male hold his erect penis and inserting it into the child's anus. (PSR ¶ 20).

**B.      The Charges**

Defendant was charged by indictment with two counts of Access with Intent to View Child Pornography in violation of in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). On November 13, 2025, the defendant pleaded guilty to both counts pursuant to a plea agreement.

**C.      The Plea Agreement & Guideline Computations**

Pursuant to the plea agreement, the government recommends that defendant receive a three-level variance to reflect the defendant's early resolution and characteristics of the defendant. The government then recommends that the Defendant receive a sentence that is within the guidelines of the resulting adjusted range. The defendant agrees that he may seek any lawful sentence that is not less than 30-months of imprisonment.

The United States respectfully requests the following sentence: (1) a term of imprisonment of 60 months, (2) a maximum period of supervised release, and (3) a $100 special assessment.  The government also requests that the Court set a restitution hearing for 90 days from the date of the sentencing hearing to allow defense counsel additional time to negotiate restitution requests from the identified victims in this case.

/ / /

**Government's Sentencing Memorandum**                                                                 **Page 3**

**Argument**

**A.    Analysis[1]**

The guidelines provide the starting point and initial benchmark for sentencing that "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007); *see also Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013); *Gall v. United States*, 552 U.S. 38, 49 (2007).

Once the Court correctly computes the guidelines, it may vary from the advisory range if justified under the factors set out in 18 U.S.C. § 3553(a), including the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2); *see also United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc) (reciting sentencing procedure). Other factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

Child exploitation offenses are extremely serious crimes that "result in perpetual harm to victims and validate and normalize the sexual exploitation of children." *Report to the Congress: Federal Child Pornography Offenses*, United States Sentencing Commission (December 2012), at vi. Child victims must live with the fact that the horrific abuse they suffered was permanently

---

[1] The discussion in this section is meant to support the United States' request for a sentence of 60 months' imprisonment and a maximum term of supervised release.

**Government's Sentencing Memorandum**                                    **Page 4**

preserved and the images and videos of the abuse will haunt them forever. *See New York v. Ferber*, 458 U.S. 747, 759 (1982) (explaining that "the materials produced [in child pornography] are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation"); *see also United States v. Blinkinsop*, 606 F.3d 1110, 1117-18 (9th Cir. 2010) ("photographs and films showing juveniles engaged in sexual activity . . . is a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.") (citation and internal quotation marks omitted); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) ("possessing child pornography is not a victimless crime; it fuels the demand for the creation and distribution of child pornography," and evidence shows "the harm that children suffer when they are used in the creation of child pornography and when that pornography is distributed to others").

Defendant sought out sexually explicit images and videos of minor victims. His actions contributed to the demand for this sexually explicit content, fueling further victimization. The knowledge that adult men like defendant are seeking out and have access to sexually explicit images and videos of the minor victims as children will follow these victims and their families throughout their lives.

Despite the seriousness of defendant's conduct, his case warrants a minor downward variance for a few reasons. First, the defendant has a minimal criminal history. Second, he accepted early responsibility for his behavior and has performed well while on release from custody. Defendant's conduct, balanced against these factors, warrants a 60-month sentence. The danger inherent in his actions and the size and content of his collection warrant a maximum term of supervised release.

**Government's Sentencing Memorandum**                                    **Page 5**

Such a sentence is sufficient, but not greater than necessary, to address the § 3553(a) sentencing factors. It accounts for the very serious nature of the offense, as well as defendant's history and characteristics. It provides just punishment, promotes respect for the law, acts as a significant deterrent, and most importantly, protects the public.

## B.    Restitution

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). The term "victim" includes both "the individual harmed as a result of a commission of a [child pornography] crime," and, if the victim is under 18, "the legal guardian of the victim" or "another family member." 18 U.S.C. § 2559(c). Under § 2259(b)(2)(B), each victim that makes a restitution request must receive at least $3,000 in restitution.

Pursuant to 18 U.S.C. §§ 2259(b)(2) and 3664(d)(5), the government suggests setting a restitution hearing within 90 days of the sentencing hearing to allow for the ongoing identification of victims and to allow victims to reach resolutions wherever possible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                    **Page 6**

**Conclusion**

The Court should sentence defendant to: (1) a term of imprisonment of 60 months, (2) a maximum period of supervised release, and (3) a $100 special assessment. The Court should also set a restitution hearing for 90 days from the date of sentencing to allow additional time for victims to make restitution requests.

Dated: May 1, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney


*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney
